J. E. Peacock, Tom B. Stewart, Elmer Blank, Alex Littlefield, Fred J. Collins, Thomas Johnson, and O. G. Sage, v. J. V. Roberts, Peter Gessner, John H. Graham. H. E. Bennett, and John W. Martin, as and constituting the Board of County Commissioners of Volusia County, *et al.*

195 So. 914
En Banc
Opinion Filed May 6, 1940

*Charles W. Luther,* for Petitioners;

No appearance for Respondents.

Per Curiam.—This is an *ex parte* application for a writ of certiorari to review a decree of the Circuit Court for Volusia County denying a mandatory injunction seeking to command election officers of Volusia County to perform stated statutory duties in conducting a primary election to be held May 7, 1940.

As this application for writ of certiorari is made May 6, 1940, and the official duties involved are to be performed May 7, 1940, it is not possible to make the writ effective

after an adversary hearing on the merits before the election is over and the case is moot; therefore the writ should be denied.

The statute provides that "The voting machine shall be so placed that the ballots on the face of the machine can be plainly seen by the election officers and the party watchers when not in use by voters." * * * "No person shall be permitted in or about the polling room except as now provided by law, in elections where ballots and ballot boxes are used." The Secretary of State may: "at any time that he deems fit, appoint one or more deputies to visit any county or municipality, or upon the petition of 5% of the registered voters of any county or municipality, shall appoint one or more deputies to visit such county or municipality. Said deputy shall, under the direction of the Secretary of State, investigate and examine the condition, custody, and operation of voting machines in such county or municipality. It shall be the duty of said deputy to supervise the preparation of such machines for election. It shall be unlawful for any person to obstruct said deputy in the performance of his duty. It shall be the duty of said deputy to file with the Secretary of State a report of his findings as to the condition, custody and operation of voting machines in such county or municipality."

It must be assumed on this *ex parte* application that the election officers and the Secretary of State will perform their statutory duties, and that watchers for petitioners will be appointed and allowed to act as the law provides.

Petition for constitutional writ denied.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.